# Relso Coal Co., Appellant; *v.* General Contracting Corporation.

*Appeals—Affidavit of defense—Refusal of judgment—Practice, C. P.—Notice of set-off—Omission to endorse notice on affidavit—Waiver—Act of May 14, 1915, P. L. 483.*

1. In affirming an order refusing to enter judgment for want of a sufficient affidavit of defense, it is not customary for the appellate court to discuss the merits of the case or the particular points of attack,—many of which may not arise on trial.

2. The merits will be discussed only where the appellate court reverses, and enters, or directs the entry of, final judgment for plaintiff.

3. On such an appeal, the court will not consider as ground for reversal the failure of defendant to endorse on the affidavit of defense the notice of set-off as required by the Act of May 14, 1915, P. L. 483, where plaintiff raises no point in the court below as to the lack of the statutory endorsement, but accepts the affidavit of defense, files an amended statement, and rules for a more specific affidavit, and also accept service of a separate written notice of a requirement to reply to the claim of set-off within fifteen days, substantially in the words of the act.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 75, March T., 1926, by plaintiff, from order of C. P. Allegheny Co., July T., 1925, No. 1830, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Relso Coal Co. v. General Contracting Corporation. Affirmed.

Rule for judgment for want of sufficient affidavit of defense. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Plaintiff appealed.

*Error assigned* was order, quoting it.

*William S. Doty,* of *Doty & Thornton,* for appellant.

*Joseph A. Beck,* for appellee.

PER CURIAM, November 22, 1926:

The court below refused to enter judgment for want of a sufficient affidavit of defense, and plaintiff has appealed. On such an appeal, unless we reverse and enter, or direct the entry of, final judgment for plaintiff, it is not customary to discuss the merits of the case, or the particular points of attack,—many of which may not arise on trial. Here, it is sufficient to say that, on the pleadings before the court below, it did not err in discharging plaintiff's rule for judgment. We may add, however, that we are not impressed by the points of practice, urged by appellant, that neither the original nor the amended affidavit of defense was endorsed with the notice to plaintiff of defendant's claim of set-off, as required by section 15 of the Practice Act of May 14, 1915, P. L. 483, 485-6, or that this omission alone is enough to warrant judgment in plaintiff's favor. While no such notice as provided for in the act was endorsed on the affidavits of defense, yet plaintiff not only took cognizance of the first affidavit without raising any point as to the lack of the statutory endorsement, but, after receipt of that pleading, amended its statement of claim and ruled defendant for a more specific affidavit. Moreover, defendant sent to counsel for plaintiff, in the envelope with the amended affidavit of defense, a separate written notice, substantially in the words of the statute, as follows: "You are hereby required to file a reply to the claim for set-off of the defendant as hereby amended within fifteen days from the service hereof," and counsel for plaintiff accepted service thus: "Service is hereby accepted......of the claim for set-off of the defendant in the above-entitled case heretofore filed, and of the amendment thereto." Under these circumstances, we cannot say that the court below erred in declining to

hold the absence of the endorsement fatal to defendant, or, on the rule before it, in refusing to enter judgment for plaintiff.

The order appealed from is affirmed.